E-Filed JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8093-GHK (RZx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | *James E. Elias v. Synchrony Bank* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers) Order Remanding Action

**I. Background**

In August 2014, Plaintiff James Elias ("Elias") filed the above-captioned class action in California state court against Synchrony Bank ("Synchrony"), alleging three causes of action: (1) violation of California Penal Code § 632; (2) "Tortious Sale of Debt" (i.e., negligence); and (3) violation of California's Unfair Competition Law ("UCL"), California Civil Code §§ 17200 et seq. (Dkt. 1-1.) Elias contends that Synchrony sold a debt incurred in his name by an identity thief to a collections agency, causing injury to his credit report. (*Id.*) Synchrony removed the case to federal court on October 20, 2014, claiming that we have federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. 1.) On November 4, 2014, we ordered Synchrony to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (Dkt. 10.) On November 18, 2014, Synchrony filed a Response to our Order. (Dkt. 11.)

**II. Legal Standard**

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In the context of removal, we resolve doubts as to removability in favor of remanding to state court. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, the removing party carries the burden of establishing the propriety of removal. *See Duncan*, 76 F.3d at 1485; *Gaus*, 980 F.2d at 566.

Federal question jurisdiction under 28 U.S.C. § 1331 requires that an action "arise under" federal law. In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). The vast majority of cases brought under federal question jurisdiction are those in which federal law creates the cause of action. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). But federal question jurisdiction may also arise "where the claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8093-GHK (RZx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | *James E. Elias v. Synchrony Bank* | | |

is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003) (citations omitted); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[A] state-law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *Duncan*, 76 F.3d at 1486 ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."). Conversely, under the so-called artful pleading doctrine, a plaintiff may not avoid federal question jurisdiction by "dressing up [a federal claim] in state law attire." *Lippitt*, 340 F.3d at 1041. "The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." *Id.* (internal quotation marks and modifications omitted).[1]

### III. Analysis

We issued an OSC because all three of Elias's claims appear to be based on state law. Elias refers to federal law in asserting his negligence and UCL claims, but he also appears to assert alternative and independent state law theories of liability. For the negligence claim, Elias alleges that Synchrony was negligent per se because the company violated 15 U.S.C. § 1681m(e), 16 C.F.R. § 681.1, and 12 C.F.R 7.4008—but he also alleges that the company was negligent for failing to exercise ordinary care as required by California Civil Code §§ 1708 and 1714(a). (Compl. ¶¶ 117, 120.) Elias's UCL claim is predicated on violations of the aforementioned federal laws, plus a violation of the Federal Trade Commission Act and a violation of California Civil Code § 1714(a). (*Id.* ¶ 129.) Synchrony argues that both the negligence and UCL claims are artfully pled and that they raise federal questions.

#### A. Negligence

Synchrony contends that, under California law, there is "no duty of care owed to a third party on the part of a financial institution that has sold disputed debt to another entity." (Resp. at 11.) Thus, according to Synchrony, Elias's negligence claim must necessarily rely on federal law to impose a duty of care. Synchrony does not cite any authority supporting this specific assertion, however. Based on its plain language, section 1714(a) suggests that Synchrony may owe Elias a duty of care under California law. *See* Cal. Civ. Code § 1714(a) ("*Everyone* is responsible . . . for any injury occasioned to another by his or her want of ordinary care or skill . . . .") (emphasis added). Synchrony cites a number of cases in

---

[1] The artful pleading doctrine also applies when a state law claim is completely preempted by federal law, regardless of how the plaintiff has pled it. *Lippit*, 340 F.3d at 1041. Synchrony does not argue that Elias's claims are completely preempted.

E-Filed JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8093-GHK (RZx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | *James E. Elias v. Synchrony Bank* | | |

which courts have stated that sections 1714(a) and 1708 do not create new legal duties where none previously existed. *See Johnson v. Harcourt, Brace, Jovanovich, Inc.*, 43 Cal. App. 3d 880, 897 (1974); *Katzenberg v. Regents of Univ. of Calif.*, 29 Cal. 4th 300, 327-28 (2002); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1307-08 (S.D. Cal. 2003); *Whitaker v. Tandy Corp.*, 1997 WL 703766, at *2 (N.D. Cal. Oct. 31, 1997). But none of these cases states that a financial institution does not owe a duty of care to a consumer under state law. Without such authority, we cannot say that Synchrony has carried its burden of demonstrating that federal law is a necessary element of Elias's negligence claims.

Synchrony's other arguments as to why Elias's negligence claim raises a substantial federal question are similarly unavailing. Synchrony cites several California cases that support the proposition that a defendant's duty of care is limited in scope to the extent it conflicts with statutory policy. *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 511 (2001); *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal. 4th 814, 823 (1997); *Ramirez v. Plough, Inc.*, 6 Cal. 4th 539, 546-55 (1993). Synchrony seems to be suggesting that federal policy conflicts with Elias's claims in some manner, but Synchrony does not specify any particular policy or explain how it conflicts with Elias's claim. Synchrony also notes that under California's Identity Theft Law a person may not assert a claim against financial institution after a debt is sold. *See* Cal. Civ. Code §§ 1798.93(a), (c); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1093 (9th Cir. 2008). But this observation is irrelevant—Elias is not asserting a claim under the Identity Theft Law. The fact that he may be barred from pursuing a claim under the Identity Theft Law does not mean he cannot pursue a negligence claim instead.

Finally, Synchrony argues that because Elias alleges that Synchrony was negligent per se by violating federal law, his negligence claim necessarily relies on federal law.[2] The cases that Synchrony cites do not support such a broad proposition. *See McCann v. JP Morgan Chase Bank*, 2012 WL 423858, at *5 (N.D. Cal. Feb. 8, 2012); *Webb v. Estate of Cleary*, 2008 WL 5381225, at *5 (C.D. Cal. Dec. 19, 2008). *Webb* is inapposite because the plaintiffs' claim in that case was completely preempted by federal law, which is not the case here. *See* 2008 WL 5381225, at *4. *McCann* is inapposite because the plaintiffs asserted a negligence claim based *exclusively* on a per se theory that was premised on violations of federal law. *See* 2012 WL 423858, at *1 ("Plaintiffs allege, as the sole basis for the eleventh cause of action for negligence per se, the following: 'Defendants' violation of TILA and RESPA as set forth . . . constitute acts of negligence per se.'"). Elias's negligence claim is not solely based on negligence per se. He asserts that Synchrony violated a duty of care imposed by California Civil Code §§ 1708 and 1714(a). Accordingly, he may be entitled to relief if Synchrony failed to exercise due care under state law, and his claim may be resolved without reference to any federal law. This constitutes an alternative and independent state law theory for a negligence claim. *See Mulcahey v.*

---

[2] Synchrony attempts to link this argument to its contention that the existence of a duty of care turns on federal law by characterizing the negligence per se doctrine as "substitut[ing] a legislatively or administratively defined duty of care in place of a general duty of care." (Resp. at 12.) This is not accurate. The negligence per se doctrine is used to establish the existence of a breach, not a duty. *See* 6 Witkin, Summary 10th, Torts, § 873, p. 102 (2005) ("Either the courts or the Legislature must have created a duty of care. The presumption of negligence created by [California Evidence Code § 669, which codifies the negligence per se doctrine,] concerns the standard of care, rather than the duty of care.").

Case 2:14-cv-08093-GHK-RZ Document 14 Filed 01/07/15 Page 4 of 5 Page ID #:241

E-Filed JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8093-GHK (RZx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | *James E. Elias v. Synchrony Bank* | | |

*Columbia Organic Chemicals Co.*, 29 F.3d 148 (4th Cir. 1994) ("Examination of the complaint in the instant case reveals that the negligence per se claim citing the federal environmental statute was only an alternative theory of liability under Plaintiffs' negligence claim contained in Count I. Even if [the defendant] was found not to have violated any federal statute, the Plaintiffs might still be entitled to recover under an alternative theory of negligence.").

      **B.**      **UCL**

The UCL allows persons to bring actions when they have suffered an injury "as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. Unfair competition includes "any unlawful, unfair or fraudulent business act or practice." *Id.* Elias alleges that Synchrony's conduct is unfair pursuant to one statute—5 U.S.C. § 45(n)—and unlawful pursuant to five other statutes—12 C.F.R. 7.4008, 15 U.S.C. § 1681m(e)-(f), 16 C.F.R. § 681.1, and Cal. Civ. Code § 1714(a). As noted in our OSC, since California Civil Code § 1714(a) is a state statute, it appears that Elias has an alternative and independent state law theory for his UCL claim.

Synchrony argues that a violation of section 1714(a) cannot be a basis for Elias's UCL claim because the statute merely expresses the common law duty of care. As the Ninth Circuit has stated, common law claims do not constitute "unlawful" conduct under the UCL. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) ("Shroyer must also allege that New Cingular engaged in a business practice 'forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made.' In other words, a common law violation such as breach of contract is insufficient . . . ."). However, while we described section 1714(a) as essentially codifying the common law duty of care in our OSC, section 1714(a) in fact owes its origins to *civil* law. *See Rowland v. Christian*, 69 Cal. 2d 108, 112 (1968) ("[Section 1714(a)], which has been unchanged in our law since 1872, states a civil law and not a common law principle."). Interpreting this civil statute in relation to the common law is a complex endeavor. In *Li v. Yellow Cab Company*, the California Supreme Court delved deep into the origins and legislative history of section 1714(a) to determine whether California courts could depart from a contributory negligence tort regime to a comparative negligence one without waiting for legislative intervention to amend section 1714(a) first. 13 Cal. 3d 804, 864-72 (1975). We need not conduct such an in-depth inquiry here. It suffices to say that determining whether section 1714 may serve as a predicate for a UCL claim turns on difficult questions of state law, not federal law, and that Synchrony has not shown that Elias's UCL claim necessarily relies on federal law.

Synchrony also argues that because the only alleged unfair conduct in the Complaint is premised solely on a violation of federal law, Elias's UCL claim raises a federal question. We disagree. If an alleged business act or practice is simultaneously unfair *and* unlawful under the UCL, then the plaintiff has merely asserted independent theories of liability for prohibiting the same conduct. If liability under either prong can be determined without reference to federal law, then there is no federal question jurisdiction because there is an independent state law theory prohibiting the defendant's conduct.

The cases that Synchrony cites are not to the contrary. In *National Credit Reporting Association, Inc. v. Experian Information Solutions*, a district court concluded that it had federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8093-GHK (RZx) | Date | January 7, 2015 |
|---|---|---|---|
| Title | *James E. Elias v. Synchrony Bank* | | |

question jurisdiction over a UCL claim in which the plaintiff sought to prohibit one type of conduct as unlawful pursuant to federal antitrust law and another type of conduct as unfair or fraudulent pursuant to state law. 2004 WL 1888769, at *4 (N.D. Cal. July 21, 2004). In *Havel v. SunAmerica Securities*, a district court concluded that it had subject matter jurisdiction over a case in which the plaintiff alleged two different UCL claims, one based on state law and one based on federal law. 2006 WL 291759, at *2-3 (N.D. Cal. Oct. 11, 2006). In both cases, the plaintiff alleged that multiple types of conduct were prohibited and that one type of conduct was prohibited exclusively by federal law. Thus, the plaintiff's case necessarily raised a federal question as to whether that conduct was prohibited under the UCL.

By contrast, Elias has alleged federal and state law theories for prohibiting one business practice—selling consumer debt to collections agencies without first taking steps to identify if the debt is legitimate. His federal law theory for prohibiting this conduct turns on allegations that Defendant violated (1) 15 U.S.C. § 1681m(e) and 16 C.F.R. § 681.1 by "failing to establish and maintain adequate 'red flag guidelines'" for identifying accounts created using identity theft; (2) 15 U.S.C. § 1681m(f) by selling debt caused by identity theft; and (3) 15 U.S.C. § 45(n) and 12 C.F.R. 7.40008 by engaging in conduct "likely to cause substantial injury to consumers." (Compl. at 24-25.) Elias's state law theory is, by contrast, a straightforward claim that Synchrony failed to exercise ordinary care in handling and selling his purported debt, which is an alleged violation of Cal. Civ. Code § 1714(a). (*Id.* at 25.) If a state court were to find that Elias's UCL claim is viable based on section 1714(a) and that he is entitled to relief solely on that basis, then there would be no need to reach his federal law theory. Accordingly, Elias has stated an independent state law theory, and we have no federal question jurisdiction over his UCL claim.

### IV. Conclusion

In light of the foregoing, Synchrony has failed to carry its burden of establishing that removal was proper. The case is hereby **REMANDED** to the court for whence it came.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk        Bea